## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

|                                        |   |                              |
|----------------------------------------|---|------------------------------|
| *FELICIA ANN CURTIN,*                  | ) |                              |
|                                        | ) |                              |
| *Plaintiff*                            | ) |                              |
|                                        | ) |                              |
| *v.*                                   | ) | *No. 2:21-cv-00349-JDL*      |
|                                        | ) |                              |
| *LEONARD F. MORLEY, JR., et al.,*      | ) |                              |
|                                        | ) |                              |
| *Defendants*                           | ) |                              |

### RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT PURSUANT OT 28 U.S.C. § 1915(e)

In this *pro se* action relating to a state court foreclosure judgment, the plaintiff brings claims under 42 U.S.C. § 1983, the federal Consumer Financial Protection Act, and state consumer protection laws against the State of Maine and the Maine Attorney General as well as various governmental agencies, state court judges, attorneys, and financial institutions.  *See* Complaint (ECF No. 1).  Having granted the plaintiff's application to proceed *in forma pauperis*, *see* Order (ECF No. 4), her complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, I recommend that the court dismiss the plaintiff's complaint.

### I.  Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a

claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Dismissals under § 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court for S. Dist. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

## II. Factual Allegations

In her complaint, the plaintiff names the following defendants: Leonard F. Morley, Jr., Esq., Hon. Jeffrey Moskowitz, Hon. Matthew Tice, Hon. James Martemucci, the State of Maine, the Maine Attorney General, the Maine State Bar Association, William B. Jordan, Esq., Ian A. Brown, Esq., Alexander J. Milahov, Esq., Shapiro & Morley, LLC, Korde & Associates, P.C., Karen Van Gelder, Jeff D. Koenig, Fannie Mae, LoanCare, LLC, Newrez, Ditech Financial, LLC, and Merrimack Mortgage Company, Inc. *See* Complaint at 1.

From what can be gleaned from the plaintiff's rambling and sometimes incoherent complaint, it appears that she believes these individuals and entities all played a role in the state court proceedings that ultimately resulted in Ditech Financial, LLC, obtaining a foreclosure judgment against her and her ex-husband Brian J. Curtin on November 25, 2019. *See* Complaint at 2-6; Exhibit 3 (ECF No. 1-3), attached thereto, at 7, 13.[2] She contends that the named attorneys fraudulently removed her name from the state court's Foreclosure Diversion Program, thereby depriving her of the opportunity to discuss "modifications, forbearance plans, [or] refinance" options, and used "false and deceptive affidavits, deed, note, mortgage and other documents" to

---

[2]  In outlining the plaintiff's allegations, I have pulled some facts from the exhibits attached to her complaint. *See* Exhs. 1-5 (ECF No. 1-1 to 1-5), attached to Complaint; *Johnson v. Town of Weare*, Civil No. 12-cv-032-SM, 2012 WL 2450599, at *1 (D.N.H. June 4, 2012) (rec. dec., *aff'd* June 27, 2012) (considering the "four exhibits attached" to a *pro se* plaintiff's complaint while conducting a preliminary review pursuant to section 1915).

obtain the foreclosure judgment against her.  Complaint at 3.  She further contends that the named

state court judges participated in this misconduct.  *See id.* at 2.

The plaintiff brings claims under 42 U.S.C. § 1983, unspecified state consumer protection

laws, and the federal Consumer Financial Protection Act.  *See id.* at 4-5.  Among other things, she

seeks "20 Million Dollars, to revoke the state court judges license, to be granted the court's

Corporate Charter, and the attorney's houses."  *See id.* at 2.  She also asks this court to dismiss the

state foreclosure case with prejudice.[3]  *See id.* at 6.

### III.  Discussion

The *Rooker-Feldman* doctrine prohibits a federal court from entertaining "cases brought

by state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those

judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).   In

determining the applicability of the doctrine, the critical question "is whether the plaintiff's federal

suit is, in effect, seeking an end-run around a final state-court judgment."  *Klimowicz v. Deutsche

Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Cir. 2018); *see also Federación de Maestros de P.R v.

Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) (noting that "a federal

suit seeking an opposite result" from a final state court judgment "is an impermissible attempt to

appeal the state judgment to the lower federal courts").

---

[3]   Attached to the plaintiff's complaint is a document entitled Jurisdiction Challenge, in which she seemingly
challenges the validity of both this court and the state court that entered the foreclosure judgment.  *See* Complaint
at 7-13.  In that document and an accompanying affidavit, the plaintiff uses language and arguments typical of the
so-called "sovereign citizen" movement.  *See id.* at 7-20.  These arguments have been consistently rejected as meritless
by courts across the country and should be rejected here as well.  *See, e.g.*, *United States v. Sterling*, 738 F.3d 228,
233 n.1 (11th Cir. 2013) (noting that sovereign citizen arguments have been "summarily rejected . . . as frivolous");
*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected
summarily, however they are presented"); *U.S. Bank N.A. v. Janelle*, No. 2:20-cv-00337-JAW, 2021 WL 4847901,
at *7 (D. Me. Oct. 18, 2021) (describing such arguments as amounting to "nothing more than a collection of
legal-sounding but false rules that purport to be law" (citation and internal quotation marks omitted)).

Here, the plaintiff could not be more explicit that the overarching purpose of her action in this court is to invalidate the state court foreclosure judgment against her. *See* Complaint at 6. Accordingly, the *Rooker-Feldman* doctrine bars the plaintiff's claims.

Moreover, even if the *Rooker-Feldman* doctrine did not bar the plaintiff's claims, they fail for other reasons.

First, the plaintiff's claims against the State of Maine, the Maine Attorney General, and the various governmental agencies are barred by the doctrine of sovereign immunity. *See Anderson v. Dep't of Health & Hum. Servs.,* No. 1:16-cv-00624-JDL, 2016 WL 7494853, at *2 & n.3 (D. Me. Dec. 30, 2016) (rec. dec. *aff'd,* Feb. 6, 2017) ("The State of Maine is immune under the Eleventh Amendment from suits brought by citizens in federal court, regardless of the form of relief requested[,]" except in those cases where the State has waived its immunity.); *Chandler v. Greater Bos. Legal Servs.*, Civil Action No. CIV.A. 13-12979-GAO, 2013 WL 6571938, at *4 (D. Mass. Dec. 10, 2013) ("It is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued."); *Carey v. Free*, 272 F. App'x 875, 876-877 (11th Cir. 2008) (holding that state attorneys general sued in their official capacities are absolutely immune from suits for money damages).[4]   Nothing in the plaintiff's complaint indicates that this immunity has been waived.

Second, the plaintiff's claims against the state court judges are barred by the doctrine of judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 511 (1978) ("Judges have absolute immunity . . . because of the special nature of their responsibilities."); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting that "judicial immunity is not overcome by allegations of bad faith or malice,

---

[4]   To the extent that the plaintiff is seeking non-monetary relief against the Maine Attorney General, she has not alleged enough facts to state a valid claim against him.

the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial").

Third, the plaintiff may not maintain section 1983 claims against the non-immune defendants because she has not set forth sufficient allegations showing that they, as private individuals and entities, acted under color of the law.  *See* Complaint at 2-6; *Gonzalez-Morales v. Hernandez-Arencibia*, 221 F.3d 45, 49 (1st Cir. 2000) ("Section 1983 . . . does not provide relief against most private individuals: the deprivation must be caused by a person acting under color of" state law. (citation and internal quotation marks omitted)); *Dominic v. Goldman*, Civil No. 21-cv-148-LM, 2021 WL 2953184, at *6 (D.N.H. July 14, 2021) ("Speculation about what might have occurred and the general allegations of conspiracy or joint action with a state actor without supporting allegations of specific underlying facts are insufficient to establish that a private party acted under color of state law.").[5]

Fourth, the plaintiff's claims under state consumer protection laws are simply too vague and conclusory to permit the court or the non-immune defendants to understand the alleged wrongs against her.  *See* Complaint at 2-5; *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec., *aff'd* May 6, 2020) (noting that claims that lack "the crucial detail of who, what, when, where, and how" are subject to dismissal because they do not provide defendants with fair notice of what the claims are or the grounds upon which they rest).[6]

---

[5]  The plaintiff also references the Tucker Act in her complaint.  *See* Complaint at 2 (citing 28 U.S.C. § 1491).  The Tucker Act, however, is merely a jurisdictional statute and does not provide a substantive right to money damages for constitutional violations.  *See United States v. Testan*, 424 U.S. 392, 398 (1976).

[6]  The plaintiff further references Maine's Small Claims Act and an evidentiary statute.  *See* Complaint at 2, 6.  Neither, however, provide a basis for the claims she asserts.  *See* 14 M.R.S.A. § 7482 (Westlaw through 2021 2d Special Sess.) (defining a small claim as involving damages of $6,000 or less and not including actions "involving the title to real estate"); 16 M.R.S.A. § 355 (Westlaw through 2021 2d Special Sess.) (outlining the proper format for affidavits submitted in "all actions brought on an itemized account").  She also mentions the federal Fair Debt Collection

Finally, the plaintiff may not bring claims under the Consumer Financial Protection Act (CFPA) because it does not provide a private cause of action. *See* Complaint at 5 (citing 12 U.S.C. §§ 5531, 5532, 5536); *McMillan v. Nationstar Mtg. Co.*, CIVIL ACTION NO. 20-1321, 2020 WL 4201605, at *3 (E.D. Penn. 2020) ("[T]here is no private cause of action under the CFPA. The CFPA is enforceable only by the Bureau of Consumer Financial Protection."); *see also Carmichael v. Sacramento Reg'l Transit*, No. 2:16-cv-2476-JAM-EFB PS, 2018 WL 338977, at *3 (E.D. Cal. Jan. 8, 2018) (rec. dec., aff'd Mar. 19, 2018) (collecting cases).

### IV.  Conclusion

For the foregoing reasons, I recommend that the court **DISMISS** the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

Practices Act in passing. *See* Complaint at 3.  To the extent she intended to bring a claim under that statutory scheme, it also fails for being too vague and conclusory.